■ ERIC BART, Appellant, v UNIVERSAL PICTURES et al., Defendants, and SEMAPHORE FUNDING, INC., Respondent. [715 NYS2d 240] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about December 22, 1999, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) and § 241 (6) as against defendant-respondent Semaphore Funding, and granted defendant-respondent's motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, the motion of defendant-respondent denied, the complaint reinstated, and plaintiff's motion for partial summary judgment on the issue of liability as against Semaphore Funding granted.

On May 22, 1997, plaintiff Eric Bart, a scene painter, was assigned the task of painting one of the sets, a grand staircase, in connection with the filming of the movie "Meet Joe Black." The set construction and the filming were to take place at the Park Slope Armory in Brooklyn.

The use of the Armory in connection with the movie's production was granted by the fee owner, the City of New York, to defendant Semaphore Funding, Inc. (Semaphore), a wholly-owned subsidiary of defendant Universal City Studios, Inc. (Universal Studios), under a written agreement denominated as an "Occupancy Permit." Defendant Universal Pictures, also a wholly-owned subsidiary of Universal Studios, was the entity responsible for the day-to-day production of the movie.

In the course of this work, plaintiff fell off the back of the set, falling almost 20 feet to the ground, and was seriously injured. He sued Universal Studios, Universal Pictures, and Semaphore under Labor Law §§ 200, 240 (1) and § 241 (6).

Defendants moved for summary judgment dismissing the complaint, and plaintiff moved for partial summary judgment on the issue of liability. Defendants Universal Pictures and Universal Studios argued successfully before the IAS Court that they were special employers of plaintiff and that, therefore, plaintiff's exclusive remedy was Workers' Compensation. Plaintiff does not challenge this aspect of the determination on appeal. However, this determination did not cover Semaphore.

With respect to the liability asserted against Semaphore, defendants argued that Semaphore had no involvement in the construction, and no control or supervision over any aspect of the construction, inasmuch as Universal Pictures was the sole entity in control of production, and therefore Semaphore could not be held liable. The IAS Court concluded that Semaphore could not be held liable as an owner or as an agent of the owner under Labor Law § 240 (1) or § 241 (6), since there was no evidence that Semaphore ever exercised any control or supervision over the work at the premises. Accordingly, the IAS Court denied plaintiff's motion for partial summary judgment, granted defendants' motion for summary judgment and dismissed the complaint.

We reverse. "Absolute liability under the Scaffold Act (Labor Law § 240 [1]) applies to 'contractors and owners' at a work site" (*Guzman v L.M.P. Realty Corp.*, 262 AD2d 99). The statute may also apply to a lessee, where the lessee had the right or authority to control the work site (*see, Saaverda v East Fordham Rd. Real Estate Corp.*, 233 AD2d 125; *Frierson v Concourse Plaza Assocs.*, 189 AD2d 609). While one way to prove such control of the work site is through evidence that the lessee actually hired the general contractor (*see, Guzman v L.M.P. Realty Corp., supra*), the right to control the work site may be proved by other means, such as contractual or statutory provisions granting such right (*see, e.g., Deloach v City of New York*, 258 AD2d 384, 385).

" '[T]he key criterion is "the right to insist that proper safety practices were followed and it is the right to control the work that is significant, not the actual exercise or nonexercise of control" ' " (*Hojohn v Beltrone Constr. Co.*, 255 AD2d 658, 660, quoting *Nowak v Smith & Mahoney*, 110 AD2d 288, 290, quoting *Copertino v Ward*, 100 AD2d 565, 567; *see, Tuohey v Gainsborough Studios*, 183 AD2d 636, 639, citing *Nagel v Metzger*, 103 AD2d 1, 7).

Notwithstanding the distribution of responsibilities as between the two sister corporations, it was Semaphore, as permittee, that was contractually charged with the right and the

obligation to control the work site, and the responsibility of ensuring that the work contemplated by the permit was performed in a safe and proper manner. The Occupancy Permit (Permit) granted to Semaphore was broad in scope. Among other things, it provided (paragraph 17) that Semaphore had the authority to construct and install temporary structures on the set, and the obligation to keep all such structures in good repair (paragraph 13). Further, the Permit required Semaphore to comply with all applicable law to be a financially responsible party by obtaining insurance.

The foregoing authority vested in Semaphore by means of the Permit requires the conclusion that Semaphore must be deemed an agent of the fee owner (City of New York) for purposes of liability under the applicable Labor Law sections.

Whether or not Semaphore actually exercised its authority is not at all relevant. What is determinative is that by virtue of the Occupancy Permit, Semaphore had the right to control access to and work upon the premises, which is the appropriate predicate for Labor Law liability (*Copertino v Ward, supra*). The mere fact that the day-to-day tasks contemplated by the Permit were delegated by Semaphore to its sister corporation does not relieve Semaphore of the legal right conveyed by the Permit to control the work site, nor the legal obligation bestowed under the Permit to ensure that all necessary safety measures are taken. Concur—Mazzarelli, J. P., Ellerin, Wallach, Rubin and Saxe, JJ.