■ JOSEPH ROMANELLO et al., Appellants, v RIVERWOODS CHAPPAQUA CORP. et al., Defendants, and RIVERWOOD ASSOCIATES, L. L. C., Respondent. [733 NYS2d 14] —Order, Supreme

Court, New York County (Edward Lehner, J.), entered October 25, 2000, which, *inter alia,* granted defendant developer Riverwood Associates, L. L. C.'s motion for summary judgment dismissing the complaint and denied plaintiffs' cross motion for summary judgment, unanimously modified, on the law, to the extent of denying Riverwood's motion, and otherwise affirmed, without costs.

Riverwood was the owner/developer of a condominium project and purportedly hired plaintiff Joseph Romanello's employer as its construction manager. Riverwood sold one of the units and five days later, the buyer asked plaintiff to fix the garage door opener in her unit. Plaintiffs allege that this was one of the items on a punch list that was required to be repaired by Riverwood after the closing. Riverwood maintains that responsibility for any punch list items was solely that of plaintiff's employer. Plaintiff was injured when he fell while descending a ladder during the course of the repair work.

While we agree that summary judgment was properly denied to plaintiffs, we find that, on the existing record, triable issues of fact remain regarding, *inter alia,* whether Riverwood was obligated to repair the items on the punch list, contracted with plaintiff's employer to perform the work in question, or otherwise had any control over the performance of the work sufficient to subject it to the Labor Law (*see, Bart v Universal Pictures,* 277 AD2d 4). Accordingly, Riverwood was not entitled to summary judgment. Concur—Andrias, J. P., Wallach, Lerner, Saxe and Friedman, JJ.