■ SHUN JIAN KE, Appellant, v HSU & ASSOCIATES, INC., Respondent, et al., Defendants. [752 NYS2d 42] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered April 12, 2001, which, in an action by a laborer for personal injuries sustained while painting a building's second-floor exterior, insofar as appealed from, denied plaintiff's motion for summary judgment on his causes of action against defendant-respondent under Labor Law § 240 (1) and § 241 (6), and granted defendant-respondent's cross motion for summary judgment dismissing such causes of action as against it, unanimously affirmed, without costs.

The record establishes that defendant-respondent, a professional engineering firm, was hired by codefendant building owner to prepare renovation plans for the building's first floor and cellar, and to apply for any permits necessary to do such work. It further appears that respondent listed itself as the supervising contractor in applying for such work permits; the applications for the permits and the permits themselves clearly limited the work to the first floor and cellar; and the plans and specifications that respondent prepared were only for the first floor and cellar. Respondent was never asked to perform any work in connection with the second floor; was not aware of any such work; and did not hire or supervise anyone doing such work. Given these facts, respondent, even if properly considered a general contractor subject to absolute liability for the work on the first floor and cellar (*but see* Labor Law § 240 [1]; § 241 [9] exceptions for professional engineers), cannot be considered a general contractor for the work on the second floor exterior that plaintiff was doing when he fell off the scaffold. *Bart v Universal Pictures* (277 AD2d 4) is distinguishable in that the

permit issued therein, which "contractually charged [the defendant/permittee] with the right and the obligation to control the work site, and the responsibility of ensuring that the work contemplated by the permit was performed in a safe and proper manner" (*id.* at 5-6), clearly covered the work that the plaintiff therein was doing when injured. Respondent herein did not acquire any such supervisory authority over plaintiff's work merely because it had listed itself as the supervising contractor in an application specifying unrelated work. Concur—Mazzarelli, J.P., Saxe, Sullivan, Rosenberger and Lerner, JJ.