■ Dean Small, Appellant, v Winter Brothers, Inc., Respondent. [753 NYS2d 746] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated March 14, 2002, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is denied.

The plaintiff, an employee of a general contractor at a work site, allegedly was injured by an employee of the defendant subcontractor. The plaintiff testified at his deposition that he had applied for and received workers' compensation benefits. He brought this action against the defendant seeking to re-

cover damages for his injuries. The defendant moved for summary judgment dismissing the complaint on the ground that its employee was a special employee of the plaintiff's employer. Thus, the defendant maintains, the alleged tortfeasor was a co-employee of the plaintiff, and this action is barred by Workers' Compensation Law § 29 (6).

The Supreme Court erred in granting the defendant's motion for summary judgment dismissing the plaintiff's complaint. A person's status as a special employee is generally a question of fact and may be determined as a matter of law only "where the particular, undisputed critical facts compel that conclusion and present no triable issue of fact" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 558 [citations omitted]). On the record in this case, there are questions of fact as to whether there was a surrender of complete control over the alleged special employee (*see Short v Durez Div.-Hooker Chems. & Plastic Corp.*, 280 AD2d 972).

The defendant's remaining contention is unpreserved for appellate review. Prudenti, P.J., Ritter, Luciano and H. Miller, JJ., concur.