■ ADAM WEITZ et al., Respondents, v ANZEK CONSTRUCTION CORPORATION et al., Respondents, and STEVE & ANDY, INC., Appellant. (And a Third-Party Action.) [863 NYS2d 823]—

In an action to recover damages for personal injuries, etc., the defendant Steve & Andy, Inc., appeals from an order of the Supreme Court, Dutchess County (Dolan, J.), dated March 29, 2007, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiffs seek to recover damages for injuries allegedly sustained by the plaintiff Adam Weitz (hereinafter Weitz) while performing construction work on property owned by the third-party defendant East Ramapo School District (hereinafter ERSD). The defendant Verticon, Ltd. (hereinafter Verticon), was hired as the general contractor, and Paceline Construction Corp. was hired as the construction manager. It is unclear whether the defendant Anzek Construction Corporation (hereinafter Anzek) contracted directly with ERSD or was hired by Verticon as a subcontractor. The defendant Steve & Andy, Inc., a subcontractor on the project (hereinafter the appellant), moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that it established, prima facie, that it lacked any role in the acts or omissions alleged to have caused Weitz's injuries.

The proof offered by the appellant in support of its motion was at best ambiguous as to its role and responsibilities. It thus failed to meet its burden of establishing, prima facie, its entitlement to judgment as a matter of law. Accordingly, the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it was properly denied, notwithstanding the sufficiency of the opposing papers (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]).

In light of this determination, we need not consider the parties' remaining contentions. Lifson, J.P., Florio, Eng and Belen, JJ., concur.