DONA DEGALE-SELIER, Respondent, v PREFERRED MANAGEMENT & LEASING CORP. et al., Appellants, et al., Defendant. [870 NYS2d 94]—

"A person may be deemed to have more than one employer for purposes of the Workers' Compensation Law, a general employer and a special employer" (*Schramm v Cold Spring Harbor Lab.*, 17 AD3d 661, 662 [2005]; *see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991]). Where "the facts . . . demonstrate the plaintiff's dual employment status, whether the relationship between two corporate entities is that of joint ventures, parent and subsidiary, corporate affiliates, or general and special employers, immunity will be extended to all the plaintiff's employers where the plaintiff has accepted Workers' Compensation benefits" (*Levine v Lee's Pontiac*, 203 AD2d 259, 261 [1994]).

A "special employee" is defined as "one who is transferred for a limited time of whatever duration to the service of another" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991]). Although a person's status as a special employee is generally a question of fact, it may be determined as a matter of law "where the particular, undisputed critical facts compel that conclusion and present no triable issue of fact" (*id.* at 558).

The plaintiff applied for and received workers' compensation benefits from her employer 21st Avenue Transportation Co., Inc. (hereinafter 21st Avenue) (*see O'Hurley-Pitts v Diocese of Rockville Ctr.*, 57 AD3d 633 [2008]). She then commenced this action against, among others, Preferred Management & Leasing Corp. (hereinafter Preferred) and Madeline Antequera (hereinafter together the appellants). The Supreme Court properly denied the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them because they failed to make a prima facie showing that the plaintiff was the special employee of Preferred (*see Thompson v Grumman Aerospace* Corp., 78 NY2d 553; *Kramer v NAB Constr. Corp.*, 250 AD2d 818 [1998]). In addition, the appellants failed to submit sufficient evidentiary proof to establish that Preferred was an alter ego of, or engaged in a joint venture with, 21st Avenue (*see Masley v Herlew Realty Corp.*, 45 AD3d 653 [2007]; *Mournet v Educational & Cultural Trust Fund of Elec. Indus.*, 303 AD2d 474 [2003]; *Esteves v We Transp.*, 286 AD2d 365 [2001]). Prudenti, P.J., Dillon, Eng and Leventhal, JJ., concur.