■ CHRISTIAN SOTO, Respondent, v AKAM ASSOCIATES, INC., Appellant. [877 NYS2d 358]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated March 5, 2008, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

Workers' Compensation Law §§ 11 and 29 (6) provide that an employee who is entitled to receive compensation benefits may not sue his or her employer in an action at law for the injuries sustained. These exclusivity provisions also have been applied to shield persons or entities other than the injured plaintiff's direct employer from suit, including special employers (*see Fung v Japan Airlines Co., Ltd.*, 9 NY3d 351, 358-359 [2007]; *Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991]). Thus, an injured person who is entitled to receive workers' compensation benefits from his or her general employer is barred from maintaining a personal injury action against his or her special employer (*see Fung v Japan Airlines Co., Ltd.*, 9 NY3d at 358-359; *Thompson v Grumman Aerospace Corp.*, 78 NY2d at 560).

Although many factors are weighed in determining whether a special employment arrangement exists, "[t]he key to the determination is 'who controls and directs the manner, details and ultimate result of the employee's work' " (*Ugijanin v 2 W. 45th*

*St. Joint Venture,* 43 AD3d 911, 913 [2007], quoting *Thompson v Grumman Aerospace Corp.,* 78 NY2d at 558; *see Graziano v 110 Sand Co.,* 50 AD3d 635, 636 [2008]). Other relevant factors include who is responsible for the payment of wages, who furnishes the worker's equipment, who had the right to hire and discharge the worker, and whether the work being performed was in furtherance of the special employer's or the general employer's business (*see Navarrete v A & V Pasta Prods., Inc.,* 32 AD3d 1003, 1004 [2006]).

Here, upon consideration of the aforementioned relevant factors, the defendant failed to make a prima facie showing of its entitlement to judgment as a matter of law (*see Marrero v Akam Assoc. LLC,* 39 AD3d 716, 717 [2007]; *Schramm v Cold Spring Harbor Lab.,* 17 AD3d 661, 662 [2005]; *Smith v Kingsbrook Jewish Med. Ctr.,* 5 AD3d 586 [2004]). In support of its motion, the defendant's submissions established that the plaintiff's employer was 300 E. 74th Owners Corp. (hereinafter Owners Corp.). The plaintiff was directly supervised by the superintendent of the subject building, who also was an employee of Owners Corp. Further, Owners Corp. paid the plaintiff's wages and furnished his equipment and uniform. The defendant failed to adequately show how it directed the manner, details, and ultimate result of the plaintiff's work. Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint (*see Bautista v David Frankel Realty, Inc.,* 54 AD3d 549 [2008]). Spolzino, J.P., Florio, Covello and Eng, JJ., concur.