■ ADAM WEITZ et al., Respondents, v ANZEK CONSTRUCTION CORPORATION, Appellant, and STEVE & ANDY, INC., et al., Respondents, et al., Defendant. ORANGE AND ROCKLAND UTILITIES, INC., Defendant and Third-Party Plaintiff-Respondent; EAST RAMAPO CENTRAL SCHOOL DISTRICT, Third-Party Defendant-Respondent. [885 NYS2d 314]—

In an action to recover damages for personal injuries, etc., the defendant Anzek Construction Corporation appeals from so much of an order of the Supreme Court, Dutchess County (J. Dolan, J.), dated March 14, 2008, as denied those branches of its motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6) insofar as asserted against it, dismissing the cross claims against it to recover damages for breach of contract and for contribution and common-law indemnification, and limiting recovery on the cross claims alleging failure to procure insurance.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The injured plaintiff is a carpenter who was hired through his union to work at a school construction project in the East Ramapo Central School District (hereinafter the School District). The general contractor for the project was the defendant Verticon, Ltd. (hereinafter Verticon), and the carpentry subcontractor was the defendant Anzek Construction Corporation. The injured plaintiff was installing trusses on the dormer of the school building when the six-foot-long metal object he was holding allegedly came into contact with overhead electrical wires, injuring him. After the accident, the injured plaintiff applied for and obtained workers' compensation benefits, indicating that Anzek was his employer. However, the injured plaintiff's wages for the project were actually paid by another corporation,

the defendant Steve & Andy, Inc. (hereinafter Steve & Andy), and his W-2 statement listed Steve & Andy as his employer. After discovery, Anzek moved for summary judgment dismissing the complaint and all cross claims asserted against it. The Supreme Court granted only that branch of Anzek's motion which was to dismiss the plaintiffs' cause of action alleging violation of Labor Law § 240 (1). We affirm the order insofar as appealed from.

Contrary to Anzek's contention, the Supreme Court properly concluded that it was not entitled to summary judgment on the ground that it was the injured plaintiff's employer at the time of the accident. Anzek failed to make a prima facie showing of its entitlement to summary judgment because the evidence it submitted in support of the motion, including the deposition testimony of its president, reveal that there are issues of fact as to the actual identity of the injured plaintiff's employer, and the nature of the relationship between Anzek and Steve & Andy (*see Weitz v Anzek Constr. Corp.*, 54 AD3d 940, 941 [2008]; *Degale-Selier v Preferred Mgt. & Leasing Corp.*, 57 AD3d 825, 826 [2008]; *Heras v P.S. 71 Assoc.*, 286 AD2d 318, 319 [2001]). Furthermore, since the identity of the injured plaintiff's employer was not a disputed issue in the workers' compensation proceeding, and the Workers' Compensation Board did not specifically adjudicate this issue, the administrative finding that the injured plaintiff was entitled to recover compensation benefits from Anzek is not conclusive proof that he was employed by that corporation (*see Caiola v Allcity Ins. Co.*, 257 AD2d 586, 587-588 [1999]). Anzek also failed to make a prima facie showing of its entitlement to summary judgment on the theory that the injured plaintiff was its special employee. A person's status as a special employee may be determined as a matter of law only "[w]here the particular, undisputed critical facts compel that conclusion and present no triable issue of fact" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 558 [1991]; *see Degale-Selier v Preferred Mgt. & Leasing Corp.*, 57 AD3d at 826). Anzek's evidentiary submissions were insufficient to meet this standard (*see Degale-Selier v Preferred Mgt. & Leasing Corp.*, 57 AD3d at 826; *Schramm v Cold Spring Harbor Lab.*, 17 AD3d 661, 662-663 [2005]; *Small v Winter Bros.*, 302 AD2d 445, 446 [2003]; *see also D'Amato v Access Mfg.*, 305 AD2d 447, 448 [2003]).

The court also properly denied those branches of Anzek's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violation of Labor Law § 200. Labor Law § 200 codifies the common-law duty of an

owner or contractor to provide employees with a safe place to work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Aguilera v Pistilli Constr. & Dev. Corp.*, 63 AD3d 763 [2009]; *Peay v New York City School Constr. Auth.*, 35 AD3d 566, 567 [2006]). Here, the plaintiffs' theory of liability is that Anzek, as agent of the owner and general contractor, failed to take adequate precautions to ensure that workers installing trusses on the roof and dormer of the school building did not come in dangerously close proximity to the overhead electrical wires. Anzek did not make a prima facie showing of its entitlement to dismissal of the common-law negligence and Labor Law § 200 causes of action because it failed to establish that it lacked the authority to control or supervise the activity which is alleged to have been a cause of the injury, i.e., the method of installing trusses in the vicinity of live electrical wires (*see Domino v Professional Consulting, Inc.*, 57 AD3d 713, 715 [2008]; *Tomyuk v Junefield Assoc.*, 57 AD3d 518, 521 [2008]; *Everitt v Nozkowski*, 285 AD2d 442, 444 [2001]). Anzek's failure to establish that it did not have the authority to control or supervise the work being performed, and thus could not be deemed an agent of the owner or general contractor, similarly warranted the denial of that branch of its motion which was for summary judgment dismissing the plaintiffs' Labor Law § 241 (6) cause of action (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317-318 [1981]; *Soltes v Brentwood Union Free School Dist.*, 47 AD3d 804, 805 [2008]; *Pino v Irvington Union Free School Dist.*, 43 AD3d 1130, 1131 [2007]).

Furthermore, Anzek failed to make a prima facie showing that it was free from negligence in the happening of the accident, and thus was not entitled to summary judgment dismissing the cross claims asserted against it for common-law and contractual indemnification (*see Coque v Wildflower Estates Devs., Inc.*, 31 AD3d 484, 489 [2006]). In addition, Anzek's failure to submit sufficient evidence to demonstrate that it complied with its contractual obligation to procure liability insurance inuring to the benefit of Verticon and the School District required denial of that branch of its motion which was for summary judgment dismissing the cross claims predicated upon its failure to procure insurance.

In view of our determination that triable issues of fact exist, we need not reach Anzek's remaining contentions. Fisher, J.P., Dickerson, Eng and Hall, JJ., concur.