[908 NYS2d 117]

Teresa Slikas, Respondent, v Cyclone Realty, LLC, Appellant.

Second Department, September 21, 2010

**APPEARANCES OF COUNSEL**

*Gallo Vitucci & Klar,* New York City (*Kimberly A. Ricciardi* of counsel), for appellant.

*Law Office of John O'Gara, Esq., P.C.,* New York City, for respondent.

**OPINION OF THE COURT**

DILLON, J.

## I. Relevant Facts

On August 4, 2006 the plaintiff Teresa Slikas tripped and fell over a metal crowbar while in the course of her employment. At the time of the accident, she was employed by Beys General Construction Corp. (hereinafter Beys General), which had two 50% shareholders, George Kougentakas and Eleftherios Kougentakas. The property where the accident occurred was owned

by the defendant, Cyclone Realty, LLC (hereinafter Cyclone), which leased the premises to Beys General. George Kougentakas (hereinafter Kougentakas) was the sole owner of Cyclone. The plaintiff received workers' compensation benefits through her employer, Beys General.

The plaintiff commenced this action solely against Cyclone, the property owner, asserting causes of action to recover damages for common-law negligence and violations of Labor Law §§ 200 and 241 (6). In its answer, Cyclone denied the material allegations of the complaint and asserted four affirmative defenses, including the exclusivity provisions of the Workers' Compensation Law.

At her deposition, the plaintiff testified that on the date of the accident, she was employed as a clerical worker when, at approximately 5:00 P.M., while walking through an entrance doorway into an office used for filing, she tripped when her right toe hit something heavy and caused her to fall head over heels. According to the plaintiff, the area was well lit. A painting contractor had been performing painting services in the vicinity, but the painters had stopped working for the day and were no longer present. After her fall, the plaintiff and the controller of Beys General, Anthony Pafundi, observed a silver metal crowbar lying on the floor in the doorway, which tool was believed to have been used by the painters.

After the completion of discovery, Cyclone moved for summary judgment dismissing the complaint on the ground that the plaintiff was a co-employee of Kougentakas and a special employee of Cyclone, and that any recovery was therefore barred by application of Workers' Compensation Law §§ 11 and 29 (6). Cyclone also argued that it was entitled to summary judgment on the negligence and Labor Law § 200 causes of action, as it did not control the means and methods of the painters' work that resulted in the presence of the mislaid crowbar at the site of the accident or have notice of the mislaid crowbar. Cyclone further contended that it was entitled to summary judgment dismissing the Labor Law § 241 (6) cause of action, because the plaintiff was not a worker protected by that statutory provision.

In opposition, the plaintiff argued, inter alia, that the legal standard governing the negligence and Labor Law § 200 causes of action is not whether Cyclone had control over the means and methods of the painters' work, but is instead whether Cyclone created the dangerous condition or had actual or constructive notice of it. In furtherance of that argument, the

plaintiff cross-moved for leave to amend her bill of particulars to allege actual notice of the dangerous condition. The plaintiff also argued, with reference to the workers' compensation issue, that she was not a special employee of Cyclone and therefore not barred from bringing this action. The Supreme Court, in an order dated January 27, 2009, granted that branch of Cyclone's motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action.

In the order appealed from dated July 2, 2009, the Supreme Court denied those branches of Cyclone's motion which were for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action, finding triable issues of fact relating to, inter alia, Cyclone's "control over the painters," and, in effect, denied that branch of its motion which was for summary judgment dismissing the complaint in its entirety based upon the exclusivity provisions of the Workers' Compensation Law.

We affirm, but for reasons other than those identified by the Supreme Court.

## II. Common-Law Negligence and Labor Law § 200

Labor Law § 200 is a codification of the common-law duty of property owners and general contractors to provide workers with a safe place to work (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Lombardi v Stout*, 80 NY2d 290, 294 [1992]).*

In *Ortega v Puccia* (57 AD3d 54, 61-62 [2008]) and *Chowdhury v Rodriguez* (57 AD3d 121, 128 [2008]), this Court distinguished two broad categories under which liability may be imposed under Labor Law § 200. Where an accident is related to a dangerous or defective premises condition, a property owner can be held liable for either creating the condition or having actual or constructive notice and not remedying the condition within a reasonable time (*see Ortega v Puccia*, 57 AD3d at 61; *Chowdhury v Rodriguez*, 57 AD3d at 128). By contrast, where an accident arises from the manner in which work is performed, no liability attaches to the property owner absent evidence that the owner had the authority to supervise or control the per-

---

* We note that Cyclone does not contend on this appeal that it did not owe a duty to the plaintiff under Labor Law § 200. Consequently, we do not address this issue (*see Misicki v Caradonna*, 12 NY3d 511, 518-519 [2009]; *Montalvo v Mumpus Restorations, Inc.*, 76 AD3d 516 [2010]).

formance of the work (*see Ortega v Puccia*, 57 AD3d at 61; *Chowdhury v Rodriguez*, 57 AD3d at 128).

▮ Here, the condition involved in the plaintiff's accident was a mislaid tool left in a doorway by painters who had been working at the site earlier in the day. Thus, this case poses the question of whether a mislaid tool constitutes a "premises condition," triggering one liability standard, or whether it instead implicates the "means and methods" of the contractor's work, triggering a different liability standard.

The painters were hired by Kougentakas as independent contractors. The painters' work required certain carpentry and plastering, and the removal of wallpaper and molding. Kougentakas described for the painters the work that was to be performed but he did not instruct them on how to paint walls or install molding, as he expected the painters to know how to do their jobs. Pafundi denied, in an affidavit, directing or controlling the painters. Pafundi confirmed that Kougentakas did not direct the means and methods of the painters' work and that no tools were provided to them. Instead, Kougentakas merely instructed the painters in a general fashion about what was to be accomplished each day and approved their completed work.

Under the circumstances of this case, we find that liability for the painting contractors' tool left on the floor of an office doorway should be measured by the legal standard applicable to premises conditions. The mislaid crowbar was not, at the time of the accident, being used by the painters. Instead, by leaving the crowbar in an office doorway, the painters created a tripping hazard. The plaintiff's accident occurred at a time of day when the painters had already ceased their work and were no longer using their tools, including the crowbar at issue. Therefore, the crowbar was not part of the painters' work at the time of the accident, but was a mere consequence of it after the day's work had been completed. The end of the painters' work day transformed the mislaid crowbar into a premises condition. Therefore, although Cyclone did not create the condition, Cyclone was required to demonstrate, in order to prevail on its motion for summary judgment, that it did not have actual or constructive notice of the presence of the crowbar on the floor of an office doorway.

In its motion for summary judgment, Cyclone addressed the plaintiff's Labor Law § 200 cause of action under both the "means and methods" standard and the "actual or constructive

notice" standard. For the reasons stated, only the latter standard is relevant to the instant appeal. In addressing that standard, Cyclone, as the moving party, bore the initial burden of establishing prima facie entitlement to judgment as a matter of law (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Barillaro v Beechwood RB Shorehaven, LLC*, 69 AD3d 543, 544-545 [2010]; *Aguilera v Pistilli Constr. & Dev. Corp.*, 63 AD3d 763, 764-765 [2009]; *Smith v Cari, LLC*, 50 AD3d 879, 880 [2008]; *Mikhaylo v Chechelnitskiy*, 45 AD3d 821, 822 [2007]). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]).

Cyclone failed to meet its prima facie burden of proving the absence of constructive notice of the painters' crowbar in the office doorway. Kougentakas denied any knowledge of tools being left behind on the floor by painters and denied that there had been prior complaints of such conditions. However, the record was devoid of any evidence regarding how much time may have elapsed from when the painters completed their work for the day until the plaintiff's accident occurred at approximately 5:00 P.M. Without any evidence as to how long the painters' crowbar was present on the floor, Cyclone is unable to demonstrate prima facie that it lacked constructive notice, and thus cannot eliminate a material question of fact in that regard (*see Stroppel v Wal-Mart Stores, Inc.*, 53 AD3d 651, 652 [2008]; *Finger v Cortese*, 28 AD3d 1089, 1091 [2006]; *Thompson v Pizza Hut of Am.*, 262 AD2d 302 [1999]). Furthermore, Cyclone failed to provide any evidence regarding when the area of the office doorway had last been viewed and inspected prior to the time of the plaintiff's fall (*see Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]; *Williams v SNS Realty of Long Is., Inc.*, 70 AD3d 1034, 1035-1036 [2010]; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598, 599 [2010]). As a result of Cyclone's failure to meet its prima facie burden of proof as to the Labor Law § 200 cause of action, it also failed to meet its prima facie burden on the common-law negligence cause of action (*see Lombardi v Stout*, 80 NY2d at 295; *Meng Sing Chang v Homewell Owner's Corp.*, 38 AD3d 625, 627 [2007]; *Blanco v Oliveri*, 304 AD2d 599, 600 [2003]). Therefore, we need not address the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York*

*Univ. Med. Ctr.*, 64 NY2d at 853; *Aguilera v Pistilli Constr. & Dev. Corp.*, 63 AD3d at 764-765; *Van Salisbury v Elliott-Lewis*, 55 AD3d 725, 726 [2008]; *Mikhaylo v Chechelnitskiy*, 45 AD3d at 822).

### III. Workers' Compensation Bar

Workers' Compensation Law §§ 11 and 29 (6) provide that the receipt of workers' compensation benefits is the exclusive remedy that a worker may obtain against an employer for losses suffered as a result of an injury sustained in the course of employment (*see Reich v Manhattan Boiler & Equip. Corp.*, 91 NY2d 772, 779 [1998]; *Hofweber v Soros*, 57 AD3d 848, 849 [2008]; *Pereira v St. Joseph's Cemetery*, 54 AD3d 835, 836 [2008]). "A person may be deemed to have more than one employer for purposes of the Workers' Compensation Law, a general employer and a special employer" (*Schramm v Cold Spring Harbor Lab.*, 17 AD3d 661, 662 [2005]; *see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991]). A "special employee" is defined as "one who is transferred for a limited time of whatever duration to the service of another" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d at 557). A person's status as a special employee is generally a question of fact, but may be determined as a matter of law where particular, undisputed critical facts compel the conclusion that there is no triable issue of fact (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d at 558). While no one factor is determinative in deciding whether or not a special employment relationship exists, a key consideration is the employer's right to direct the work and the degree of control exercised over the employee (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d at 558; *Schramm v Cold Spring Harbor Lab.*, 17 AD3d at 662).

█ At his deposition, Kougentakas testified that the plaintiff worked for Beys General, as well as Cyclone and a third entity he owned, but he later conceded that "Joann was the [plaintiff's] supervisor," and he did not actually know whether the plaintiff was ever employed or paid by Cyclone. The plaintiff testified that she was employed by "Beys Specialty" and that her workers' compensation benefits were paid through Beys General. Cyclone proffered no other evidence that the plaintiff was its special employee.

On this record, Cyclone failed to make a prima facie showing that the plaintiff was its special employee (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d at 557-558; *Martin v Bald-*

*win Union Free School Dist.*, 271 AD2d 579, 580 [2000]; *Kramer v NAB Constr. Corp.*, 250 AD2d 818, 819 [1998]). In addition, Cyclone failed to submit sufficient evidentiary proof to establish that it was an alter ego of, or engaged in a joint venture with, Beys General (*see Degale-Selier v Preferred Mgt. & Leasing Corp.*, 57 AD3d 825 [2008]; *Masley v Herlew Realty Corp.*, 45 AD3d 653, 654 [2007]; *Longshore v Davis Sys. of Capital Dist.*, 304 AD2d 964, 965-966 [2003]).

Cyclone's remaining contentions either are without merit or have been rendered academic by our determination.

In light of the foregoing, the order is affirmed.

FISHER, J.P., DICKERSON and ENG, JJ., concur.

Ordered that the order is affirmed, with costs.