■ JOSEPHINE DULAK, Respondent, v STEPHEN K. HEIER, Appellant, et al., Defendants. [909 NYS2d 743]—

In an action to recover damages for personal injuries, the defendant Stephen K. Heier appeals from an order of the Supreme Court, Westchester County (Smith, J.), entered October 1, 2009, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

The plaintiff, a nurse, allegedly was injured in the course of her employment with Westchester Medical Center (hereinafter WMC). She was assisting the defendant Stephen K. Heier, a gastroenterologist (hereinafter the defendant), in performing an endoscopy when the lid of a machine being used at the time allegedly shut on her arm. The plaintiff thereafter commenced this action, and Heier moved for summary judgment dismissing the complaint insofar as asserted against him, contending that the action against him was barred by the Workers' Compensation Law because the plaintiff was his special employee. The Supreme Court denied the motion. We affirm.

Workers' Compensation Law §§ 11 and 29 (6) provide that an employee who is entitled to receive compensation benefits may not sue his or her employer in an action at law for the injuries sustained. These exclusivity provisions also have been applied to shield persons or entities other than the injured plaintiff's direct employer from suit, including special employers, and thus an injured person who receives workers' compensation benefits from his or her general employer is barred from maintaining a personal injury action against his or her special employer (see Fung v Japan Airlines Co., Ltd., 9 NY3d 351, 358-359 [2007]; Thompson v Grumman Aerospace Corp., 78 NY2d 553, 560 [1991]; Soto v Akam Assoc., Inc., 61 AD3d 665 [2009]).

Although many factors are weighed in determining whether a special employment arrangement exists, "a significant and weighty feature has emerged that focuses on who controls and directs the manner, details and ultimate result of the employee's work" (Thompson v Grumman Aerospace Corp., 78 NY2d at 558; see Altinma v East 72nd Garage Corp., 54 AD3d 978, 981 [2008]; Graziano v 110 Sand Co., 50 AD3d 635, 636 [2008]). Other relevant factors include who is responsible for the payment of wages, who furnishes the worker's equipment, who had the right to hire and discharge the worker, and whether the

work being performed was in furtherance of the special employer's or the general employer's business (*see Navarrete v A & V Pasta Prods., Inc.*, 32 AD3d 1003, 1004 [2006]; *Alvarez v Cunningham Assoc., L.P.*, 21 AD3d 517, 518 [2005]).

Here, upon consideration of the relevant factors, the Supreme Court properly determined that the defendant failed to make a prima facie showing of entitlement to judgment as a matter of law (*see Soto v Akam Assoc., Inc.*, 61 AD3d at 666; *Marrero v Akam Assoc. LLC*, 39 AD3d 716, 717 [2007]), and properly denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him (*see Soto v Akam Assoc., Inc.*, 61 AD3d at 666). Rivera, J.P., Angiolillo, Chambers and Austin, JJ., concur.