■ GUILLERMO CASTILLO, Respondent, v STAR LEASING COMPANY et al., Defendants, and CARGO CONNECTION LOGISTIC CORP., Appellant. [920 NYS2d 784]—

In an action to recover damages for personal injuries, the defendant Cargo Connection Logistic Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), entered March 30, 2010, as denied those branches of its motion which were to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (1) and 3126, and for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleged that he was operating a forklift in order to transfer merchandise into a freight trailer, when the floor of the trailer collapsed, causing him to sustain injuries. The defendant Cargo Connection Logistic Corp. (hereinafter Cargo Connection) owned the warehouse from which the merchandise was transferred. The lease for the trailer recited that the defendant Star Leasing Company was the lessor.

Cargo Connection's proffer of the lease in support of that branch of its motion which was pursuant to CPLR 3211 (a) (1) did not resolve all factual issues which could dispose of the plaintiff's causes of action against it (*see Elow v Svenningsen*, 58 AD3d 674 [2009]; *Martin v New York Hosp. Med. Ctr. of Queens*, 34 AD3d 650 [2006]; *Nevin v Laclede Professional*

*Prods.*, 273 AD2d 453 [2000]; *cf. Logatto v City of New York*, 51 AD3d 984 [2008]). Accordingly, the Supreme Court properly denied that branch of Cargo Connection's motion.

The Supreme Court properly determined that Cargo Connection failed to establish its entitlement to judgment as a matter of law on the ground that the plaintiff was its special employee, whose recovery was limited to benefits provided by the Workers' Compensation Law (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553 [1991]; *Weitz v Anzek Constr. Corp.*, 65 AD3d 678, 680 [2009]; *Giovannucci v Petrone*, 51 AD3d 632 [2008]; *Small v Winter Bros.*, 302 AD2d 445 [2003]). Accordingly, the Supreme Court properly denied that branch of Cargo Connection's motion which was for summary judgment dismissing the complaint insofar as asserted against it, regardless of the sufficiency of the plaintiff's opposition papers.

That branch of Cargo Connection's motion which was pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against it on the ground that the plaintiff failed to provide requested discovery was providently denied, as there was no evidence that the plaintiff's failure to authorize release of employment and medical authorizations constituted willful and contumacious conduct (*see Moray v City of Yonkers*, 76 AD3d 618 [2010]; *Cestaro v Chin*, 20 AD3d 500 [2005]; *Diel v Rosenfeld*, 12 AD3d 558 [2004]). Angiolillo, J.P., Balkin, Leventhal and Sgroi, JJ., concur.