■ LISA PERSAD, Plaintiff, v JULIO ABREU, Defendant/Third-Party Plaintiff-Respondent. JOSE GOLAN et al., Third-Party Defendants-Appellants. [923 NYS2d 656]—

In an action to recover damages for personal injuries, the third-party defendants appeal from an order of the Supreme Court, Queens County (Weiss, J.), entered January 19, 2010, which denied their motion for summary judgment dismissing the third-party complaint on the ground that the plaintiff was a special employee of the third-party defendant Amboy Bus Co., Inc.

Ordered that the order is affirmed, with costs.

The plaintiff, a school bus matron, allegedly was injured in the course of her employment with Atlantic Escorts, Inc., when the bus on which she was working was involved in a motor vehicle accident with a vehicle owned and operated by the defendant. The plaintiff thereafter commenced this action against the defendant, and the defendant commenced the instant third-party action against the bus driver, Jose Golan, and the owner of the bus, Amboy Bus Co., Inc. (hereinafter Amboy). The third-party defendants moved for summary judgment dismissing the third-party complaint, contending that the action against them was barred by the Workers' Compensation Law because the plaintiff was Amboy's special employee and she did not sustain a grave injury as defined by Workers' Compensation Law § 11. The Supreme Court denied the motion, concluding that the third-party defendants failed to make a prima facie showing that the plaintiff was a special employee of Amboy. We affirm.

Although many factors are weighed in determining whether a special employment arrangement exists, "a significant and weighty feature has emerged that focuses on who controls and directs the manner, details and ultimate result of the employee's work" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 558 [1991]; *see Dulak v Heier*, 77 AD3d 787 [2010]; *Altinma v East 72nd Garage Corp.*, 54 AD3d 978, 981 [2008]; *Graziano v 110 Sand Co.*, 50 AD3d 635, 636 [2008]). Other relevant factors include who is responsible for the payment of wages, who furnishes the worker's equipment, who had the right to hire and discharge the worker, and whether the work being performed was in furtherance of the special employer's or the general employer's business (*see Navarrete v A & V Pasta Prods., Inc.*, 32 AD3d 1003, 1004 [2006]; *Alvarez v Cunningham Assoc., L.P.*, 21 AD3d 517, 518 [2005]).

Here, upon consideration of the relevant factors, the Supreme Court properly determined that the third-party defendants failed to make a prima facie showing of entitlement to judgment as a matter of law (*see Dulak v Heier*, 77 AD3d 787 [2010]; *Soto*

*v Akam Assoc., Inc.*, 61 AD3d 665, 666 [2009]; *Marrero v Akam Assoc. LLC*, 39 AD3d 716, 717 [2007]) and, therefore, properly denied the third-party defendants' motion for summary judgment dismissing the third-party complaint (*see Dulak v Heier*, 77 AD3d 787 [2010]; *Soto v Akam Assoc., Inc.*, 61 AD3d at 666). Thus, we need not reach the issue of whether the plaintiff sustained a grave injury as defined by Workers' Compensation Law § 11. Covello, J.P., Eng, Chambers and Miller, JJ., concur.