■ Dawn Digirolomo, Respondent, v June Goldstein, Appellant. [947 NYS2d 164]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Lane, J.), entered November 18, 2011, as denied her motion for summary judgment dismissing the complaint and granted those branches of the plaintiff's cross motion which were for summary judgment

on the issue of liability and dismissing the fifth affirmative defense.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a home health aide, was assigned by her employer, Better Home Health Care, Inc. (hereinafter Better Home), to assist the defendant's decedent, Irving Brown, at his home. While returning home from a doctor's appointment, Brown was involved in a traffic accident in which the plaintiff, a passenger in his vehicle, was injured. The plaintiff commenced this action to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint on the ground that Brown was the plaintiff's special employer and, thus, the plaintiff was barred by the exclusivity provisions of the Workers' Compensation Law from suing him at law, since she had elected to receive Workers' Compensation benefits through Better Home. The plaintiff cross-moved, inter alia, for summary judgment on the issue of liability and dismissing the defendant's fifth affirmative defense based on the exclusivity provisions of the Workers' Compensation Law. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint and granted those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability and dismissing the fifth affirmative defense. On appeal, the defendant contends that the plaintiff was a special employee of Brown and therefore was barred from recovery in this action based on the exclusivity provisions of the Workers' Compensation Law.

When an employee elects to receive Workers' Compensation benefits from his or her general employer, a special employer is shielded from any action at law commenced by the employee (*see* Workers' Compensation Law § 29 [6]; *Vanderwerff v Victoria Home*, 299 AD2d 345 [2002]; *Martin v Baldwin Union Free School Dist.*, 271 AD2d 579, 580 [2000]). A special employee is one who is transferred for a limited time of whatever duration to the service of another (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991]). "General employment is presumed to continue, but this presumption is overcome upon clear demonstration of surrender of control by the general employer and assumption of control by the special employer" (*id.*). "Principal factors in determining whether a special relationship exists include the right to control, the method of payment, the furnishing of equipment, the right to discharge, and the relative nature of the work" (*Martin v Baldwin Union Free School Dist.*, 271 AD2d at 580; *see Dulak v Heier*, 77 AD3d 787,

787-788 [2010]). A significant and weighty factor is who controls the manner, details, and ultimate result of the employee's work (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d at 558; *Martin v Baldwin Union Free School Dist.*, 271 AD2d at 580).

The plaintiff established, prima facie, her entitlement to summary judgment dismissing the fifth affirmative defense by demonstrating that she was not Brown's special employee. In her affidavit, the plaintiff averred, inter alia, that Better Home had assigned her to care for Brown. She assisted Brown in his daily activities at Better Home's direction, as part of her duties and responsibilities to Better Home, as a result of training she received from Better Home. Better Home paid the plaintiff and set her work schedule. The plaintiff checked in each day with Better Home, both before and after work. If Brown had a complaint about her work, he had to contact Better Home. In opposition to this prima facie showing, the defendant did not raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), nor did the defendant meet her prima facie burden in support of her own motion for summary judgment. Although the defendant contends that the plaintiff attended to Brown's needs at Brown's direction, "being told what job to do does not suffice to demonstrate the existence of a special employment relation" (*Bellamy v Columbia Univ.*, 50 AD3d 160, 164 [2008]). Indeed, the evidence demonstrated that Brown was a client of Better Home, and that the plaintiff was a service provider, continuing in the general employment of Better Home (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d at 557).

The defendant's remaining contention is without merit.

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint and also properly granted those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability and dismissing the fifth affirmative defense. Angiolillo, J.P., Florio, Belen and Chambers, JJ., concur.