(December 12, 2012)

■ CIRO H. ALFONSO, Respondent, v PACIFIC CLASSON REALTY, LLC, et al., Appellants. [956 NYS2d 111]—

The plaintiff allegedly sustained injuries while, in the course of his employment with D.S. Imports, he was attempting to remove a heating unit from the ceiling of certain premises leased, at the time of the accident, by the defendant Delmar Sales, Inc. (hereinafter Delmar Sales) and purchased, one day

after the accident, by the defendant Pacific Classon Realty, LLC (hereinafter PCR).

The Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against PCR. The defendants established PCR's prima facie entitlement to judgment as a matter of law by submitting evidence which established that PCR did not own the premises at the time of the plaintiff's accident, and had no connection with the premises prior to its acquisition of title one day after the accident occurred. The plaintiff's arguments in opposition were based solely upon surmise, conjecture, and suspicion, and were insufficient to raise a triable issue of fact to defeat that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against PCR (*see e.g. Grassi & Co., CPAs, P.C. v Janover Rubinroit, LLC*, 82 AD3d 700 [2011]; *Rendon v Castle Realty*, 28 AD3d 532, 533 [2006]).

However, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Delmar Sales. Delmar Sales contended that the causes of action against it were barred by the Workers' Compensation Law because the plaintiff was its special employee. "[T]he receipt of workers' compensation benefits is the exclusive remedy that a worker may obtain against an employer for losses suffered as a result of an injury sustained in the course of employment" (*Slikas v Cyclone Realty, LLC*, 78 AD3d 144, 150 [2010]; *see* Workers' Compensation Law §§ 10, 11, 29 [6]; *Reich v Manhattan Boiler & Equip. Corp.*, 91 NY2d 772 [1998]; *Hofweber v Soros*, 57 AD3d 848 [2008]; *Pereira v St. Joseph's Cemetery*, 54 AD3d 835 [2008]). " 'A person may be deemed to have more than one employer for purposes of the Workers' Compensation Law, a general employer and a special employer' " (*Slikas v Cyclone Realty, LLC*, 78 AD3d at 150, quoting *Schramm v Cold Spring Harbor Lab.*, 17 AD3d 661, 662 [2005]; *see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991]). Moreover, where facts " 'demonstrate the plaintiff's dual employment status, whether the relationship between two corporate entities is that of joint venture[r]s, parent and subsidiary, corporate affiliates, or general and special employers, immunity will be extended to all the plaintiff's employers' " (*Degale-Selier v Preferred Mgt. & Leasing Corp.*, 57 AD3d 825, 825 [2008], quoting *Levine v Lee's Pontiac*, 203 AD2d 259, 261 [1994]).

Here, the plaintiff received workers' compensation benefits from his employer, D.S. Imports. The defendants, however, failed

to make a prima facie showing that the plaintiff was a special employee of Delmar Sales (*see Slikas v Cyclone Realty, LLC*, 78 AD3d 144 [2010]; *Soto v Akam Assoc., Inc.*, 61 AD3d 665 [2009]; *Degale-Selier v Preferred Mgt. & Leasing Corp.*, 57 AD3d 825 [2008]; *Kramer v NAB Constr. Corp.*, 250 AD2d 818 [1998]), and failed to submit sufficient evidentiary proof to establish that Delmar Sales was an alter ego of, or engaged in a joint venture with, D.S. Imports (*see Slikas v Cyclone Realty, LLC*, 78 AD3d 144 [2010]; *Degale-Selier v Preferred Mgt. & Leasing Corp.*, 57 AD3d 825 [2008]; *Masley v Herlew Realty Corp.*, 45 AD3d 653 [2007]). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Delmar Sales.

The Supreme Court also properly denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) against the defendant Delmar Sales, made on the ground that Delmar Sales was not a contractor or owner within the meaning of the Labor Law. Labor Law §§ 240 (1) and 241 (6) apply to owners, contractors, and their agents (*see* Labor Law §§ 240 [1]; 241 [6]; *Guclu v 900 Eighth Ave. Condominium, LLC*, 81 AD3d 592, 593 [2011]). A party is deemed to be an agent of an owner or contractor under the Labor Law when it has the " 'ability to control the activity which brought about the injury' " (*Guclu v 900 Eighth Ave. Condominium, LLC*, 81 AD3d at 593, quoting *Walls v Turner Constr. Co.*, 4 NY3d 861, 863-864 [2005]; *see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317-318 [1981]). A lessee of real property that hires a contractor and has the right to control the work at the property is considered to be an owner within the meaning of the law (*see Guclu v 900 Eighth Ave. Condominium, LLC*, 81 AD3d at 593; *see also Ferluckaj v Goldman Sachs & Co.*, 12 NY3d 316, 320). Moreover, the term owner "may also apply to a lessee, where the lessee has the right or authority to control the work site, even if the lessee did not hire the general contractor" (*Zaher v Shopwell, Inc.*, 18 AD3d 339, 339-340 [2005]; *see Bart v Universal Pictures*, 277 AD2d 4 [2000]). The key question is whether the defendant had the right to insist that proper safety practices were followed (*see Grilikhes v International Tile & Stone Show Expos*, 90 AD3d 480 [2011]; *Bart v Universal Pictures*, 277 AD2d 4 [2000]; *Copertino v Ward*, 100 AD2d 565 [1984]). Here, Delmar Sales failed to establish, prima facie, that it was not an owner or agent within the meaning of the Labor Law (*see Zaher v Shopwell, Inc.*, 18 AD3d 339 [2005]).

The plaintiff's remaining contention is without merit. Mastro, J.P., Skelos, Florio and Dickerson, JJ., concur.