■ ANDREW NOLAN, Appellant, v IRWIN CONTRACTING, INC., Respondent. [967 NYS2d 389]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Pitts, J.), entered January 17, 2012, which, upon an order of the same court dated November 21, 2011, granting the defendant's motion for summary judgment dismissing the complaint, is in favor of the defendant and against him, dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the defendant's motion for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the order is modified accordingly.

The plaintiff, a carpentry foreman hired and employed by a nonparty-contractor known as Vision 4, Inc. (hereinafter Vision), was injured while working at a construction site at which he was supervising approximately 25 other Vision workers. Vision had been hired as the carpentry subcontractor for the construction project by the defendant, the general contractor for the project and an entity distinct from Vision. The defendant employed a supervisor at the site who oversaw the progress of the work by the various subcontractors. Following the plaintiff's injury, he received Workers' Compensation benefits from Vision's insurance carrier and subsequently commenced this action to recover damages for his injuries based on the defendant's alleged negligence. The defendant moved for summary judgment dismissing the complaint on the ground that the

plaintiff was its special employee and therefore was barred from bringing suit against it pursuant to Workers' Compensation Law § 29 (6). The Supreme Court granted the motion, and the plaintiff appeals.

In determining whether a special employment relationship exists, a court should consider factors such as the right to control the employee's work, the method of payment, the furnishing of equipment, and the right to discharge (*see Digirolomo v Goldstein*, 96 AD3d 992, 993-994 [2012]; *Persad v Abreu*, 84 AD3d 1046, 1047 [2011]; *Dulak v Heier*, 77 AD3d 787, 787-788 [2010]). "A significant and weighty factor . . . is 'who controls and directs the manner, details and ultimate result of the employee's work' " (*Gonzalez v Woodbourne Arboretum, Inc.*, 100 AD3d 694, 697 [2012], quoting *Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 558 [1991]).

Contrary to the determination of the Supreme Court, the defendant failed to come forward with sufficient evidence of a special employment relationship to demonstrate its prima facie entitlement to judgment as a matter of law, since its submissions on the motion did not establish, inter alia, that it controlled and directed the manner, details, and ultimate result of the plaintiff's work (*see e.g. Alfonso v Pacific Classon Realty, LLC*, 101 AD3d 768, 769-770 [2012]; *Gonzalez v Woodbourne Arboretum, Inc.*, 100 AD3d at 698; *Persad v Abreu*, 84 AD3d at 1047; *Dulak v Heier*, 77 AD3d at 788; *Schramm v Cold Spring Harbor Lab.*, 17 AD3d 661, 662 [2005]). Accordingly, the defendant's motion for summary judgment should have been denied. Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.