■ ROBERT ANTROBUS et al., Respondents, v BERNHOW REALTY, LLC, Appellant. [966 NYS2d 676]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Martin, J.), dated November 15, 2011, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Robert Antrobus allegedly was injured while working for his employer, International Tire & Wheel Corp. (hereinafter ITW), inside the warehouse ITW leased from the owner of the premises, the defendant, Bernhow Realty, LLC (hereinafter Bernhow). Following the accident, Antrobus applied for and received benefits under the Workers' Compensation Law from ITW, and then he, and his wife suing derivatively, commenced this action to recover damages for personal injuries against Bernhow.

The Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint on the ground that the action is barred by the exclusivity provisions of the Workers' Compensation Law (*see* Workers' Compensation Law § 11). The defendant failed to make a prima facie showing of its entitlement to judgment as a matter of law by establishing that it was an alter ego of, or engaged in a joint venture with, ITW (*see Degale-Selier v Preferred Mgt. & Leasing Corp.*, 57 AD3d 825, 826 [2008]; *Longshore v Davis Sys. of Capital Dist.*, 304 AD2d 964, 965 [2003]). Since the defendant failed to meet its prima facie burden, this Court need not consider the sufficiency of the papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Rivera, J.P., Leventhal, Sgroi and Cohen, JJ., concur.