■ ANDREW NOLAN, Appellant, v IRWIN CONTRACTING, INC., Respondent. [997 NYS2d 138]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Pitts, J.), entered January 17, 2012, which, upon an order of the same court dated November 21, 2011, granting the defendant's motion for summary judgment dismissing the complaint, is in favor of the defendant and against him, dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the defendant's motion for summary judgment dismissing the

complaint is denied, the complaint is reinstated, and the order is modified accordingly.

The plaintiff, a carpentry foreman hired and employed by a nonparty contractor known as Vision 4, Inc. (hereinafter Vision), allegedly was injured while working at a construction site at which he was supervising approximately 25 other Vision workers. Vision had been hired as the carpentry subcontractor for the construction project by the defendant, the general contractor for the project and an entity distinct from Vision. The defendant employed a supervisor at the site who oversaw the progress of the work by the various subcontractors. Following the plaintiff's injury, he received Workers' Compensation benefits from Vision's insurance carrier and subsequently commenced this action to recover damages for his injuries based on the defendant's alleged negligence. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff was its special employee and therefore was barred from bringing suit against it pursuant to Workers' Compensation Law § 29 (6). Alternatively, the defendant contended that the plaintiff's injury arose from an inherent risk in the work being performed and resulted exclusively from the plaintiff's own conduct. The Supreme Court concluded that the plaintiff was a special employee of the defendant and granted the motion, and the plaintiff appeals.

"The receipt of Workers' Compensation benefits from a general employer precludes an employee from commencing a negligence action against a special employer" (*Pena v Automatic Data Processing, Inc.*, 105 AD3d 924, 924 [2013]). In determining whether a special employment relationship exists, a court should consider factors such as the right to control the employee's work, the method of payment, the furnishing of equipment, and the right to discharge (*see Digirolomo v Goldstein*, 96 AD3d 992, 993-994 [2012]; *Persad v Abreu*, 84 AD3d 1046, 1047 [2011]; *Dulak v Heier*, 77 AD3d 787, 787-788 [2010]). "A significant and weighty factor . . . is 'who controls and directs the manner, details and ultimate result of the employee's work' " (*Gonzalez v Woodbourne Arboretum, Inc.*, 100 AD3d 694, 697 [2012], quoting *Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 558 [1991]).

Contrary to the determination of the Supreme Court, the defendant failed to come forward with sufficient evidence of a special employment relationship to demonstrate its prima facie entitlement to judgment as a matter of law, since its submissions on the motion did not establish, inter alia, that it controlled and directed the manner, details, and ultimate result of

the plaintiff's work (see e.g. *Alfonso v Pacific Classon Realty, LLC,* 101 AD3d 768, 769-770 [2012]; *Gonzalez v Woodbourne Arboretum, Inc.,* 100 AD3d at 698; *Persad v Abreu,* 84 AD3d at 1047; *Dulak v Heier,* 77 AD3d at 788; *Schramm v Cold Spring Harbor Lab.,* 17 AD3d 661, 662 [2005]).

In light of its holding that the plaintiff was a special employee of the defendant, the Supreme Court did not address the defendant's second argument in support of summary judgment, now urged by the defendant as an alternative ground for affirmance (see *Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539, 545 [1983]; *Borawski v Abulafia,* 117 AD3d 662, 664 [2014]). Since that issue was argued before the Supreme Court and has been briefed by the parties before us, for purposes of judicial economy, we address it, but find it unpersuasive. The defendant failed to satisfy its prima facie burden of establishing that the plaintiff's injury was not caused by a defective condition. In this regard, the depositions upon which the defendant relies raised factual issues as to whether the presence of ice and/or snow on the work materials caused the plaintiff to slip and fall, and as to whether it was the defendant's obligation to remove the ice and/or snow or to halt the work due to the resulting safety hazard.

Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been denied. Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.

———

Motion by the appellant, inter alia, to strike point II of the respondent's brief on an appeal from a judgment of the Supreme Court, Suffolk County, entered January 17, 2012. By decision and order on motion of this Court dated April 29, 2014, that branch of the motion which was to strike point II of the respondent's brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto and the submission of the appeal, it is

Ordered that that branch of the motion which was to strike point II of the respondent's brief is denied. Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.