■ LEONARDO GONZALEZ, Respondent, v AMCC CORP. et al., Appellants, et al., Defendants. [931 NYS2d 415]—

The plaintiff established his prima face entitlement to summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action insofar as asserted against the defendants AMCC Corp. and New York City School Construction Authority (hereinafter together the appellants). The plaintiff, while in the course of his employment as an apprentice electrician, was standing on an unsecured A-frame ladder when the ladder shifted, causing him to fall (*see Mingo v Lebedowicz*, 57 AD3d 491 [2008]; *Ricciardi v Bernard Janowitz Constr. Corp.*, 49 AD3d 624 [2008]; *Rivera v Dafna Constr. Co., Ltd.*, 27 AD3d 545 [2006]; *Schuler v Kings Plaza Shopping Ctr. & Mar.*, 294 AD2d 556 [2002]; *Mannes v Kamber Mgt.*, 284 AD2d 310 [2001]). No safety devices were provided that might have prevented the accident (*see Rivera v Dafna Constr. Co., Ltd.*, 27 AD3d 545 [2006]). The fact that the ladder may have had a brace in the middle to keep it open was immaterial, as the ladder was not secured to something stable and was not chocked or wedged in place (*see Wasilewski v Museum of Modern Art*, 260 AD2d 271 [1999]).

The appellants failed to raise a triable issue of fact as to whether the plaintiff's conduct was the sole proximate cause of the accident (*see Durmiaki v International Bus. Machs. Corp.*, 85 AD3d 960 [2011]; *Ordonez v C.G. Plumbing Supply Corp.*, 83 AD3d 1021 [2011]; *Chlebowski v Esber*, 58 AD3d 662 [2009]), and failed to establish their prima facie entitlement to summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against them. The Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action insofar as asserted against the appellants, and denied the appellants' motion for summary judgment dismissing that cause of action. Angiolillo, J.P., Leventhal, Austin and Roman, JJ., concur.