■ HAI-ZHONG PANG, Respondent, v LNK BEST GROUP, INC. et al., Appellants. [976 NYS2d 139]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Grays, J.), entered July 2, 2012, which granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is affirmed, with costs.

The plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). The plaintiff submitted evidence that, while in the course of his employment as a laborer removing insulation and broken pipes from the ceiling of a building owned by the defendants, he was standing on an unsecured A-frame ladder when the ladder tipped over, causing him to fall (see Gonzalez v AMCC Corp., 88 AD3d 945, 946 [2011]; LaGiudice v Sleepy's Inc., 67 AD3d 969, 971 [2009]; Gilhooly v Dormitory Auth. of State of N.Y., 51 AD3d 719, 720 [2008]; Ricciardi v Bernard Janowitz Constr. Corp., 49 AD3d 624, 625 [2008]; Granillo v Donna Karen Co., 17 AD3d 531 [2005]).

In opposition, the defendants failed to raise a triable issue of fact as to whether the plaintiff's conduct was the sole proximate cause of his accident (see Gonzalez v AMCC Corp., 88 AD3d at 946; Ricciardi v Bernard Janowitz Constr. Corp., 49 AD3d at 625; Argueta v Pomona Panorama Estates, Ltd., 39 AD3d 785 [2007]; Rivera v Dafna Constr. Co., Ltd., 27 AD3d 545, 545-546 [2006]).

The defendant's remaining contentions are either without merit or improperly raised for the first time on appeal.

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). Dillon, J.P., Dickerson, Hall and Austin, JJ., concur.