IFET SEFEROVIC et al., Appellants-Respondents, v ATLANTIC REAL ESTATE HOLDINGS, LLC, Respondent, and SIGMA TRANSPORTATION, INC., Respondent-Appellant. [5 NYS3d 892]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Butler, J.), entered May 20, 2013, as denied their motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6), and the defendant Sigma Transportation, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from and cross-appealed from, with one bill of costs to the plaintiffs payable by the defendants.

The injured plaintiff, Ifet Seferovic, was hired to repair the

roof of a building owned by the defendant Atlantic Real Estate Holdings, LLC (hereinafter Atlantic), and leased by the defendant Sigma Transportation, Inc. (hereinafter Sigma). He allegedly was injured when the foot of an unsecured A-frame ladder twisted out from under him while he was lifting materials from one level of the roof to another level of the roof. When he fell, the injured plaintiff was not holding onto the ladder, but was carrying materials in one hand and had his other hand on a wall. He, and his wife suing derivatively, commenced this action alleging common-law negligence and violations of Labor Law §§ 200 (1); 240 (1) and 241 (6). The plaintiffs moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6). The defendants separately cross-moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied the motions and cross motions in their entirety. The plaintiffs appeal and Sigma cross appeals.

The plaintiffs established their prima facie entitlement to judgment as a matter of law on the cause of action alleging a violation of Labor Law § 240 (1) by submitting evidence that the ladder was unsecured and twisted out from under the injured plaintiff for no apparent reason, causing him to fall (*see Hai-Zhong Pang v LNK Best Group, Inc.*, 111 AD3d 889, 889 [2013]; *Gonzalez v AMCC Corp.*, 88 AD3d 945, 946 [2011]; *LaGiudice v Sleepy's Inc.*, 67 AD3d 969, 971 [2009]).

In opposition, the defendants failed to raise a triable issue of fact. First, the defendants failed to raise a triable issue of fact as to whether the injured plaintiff's conduct was the sole proximate cause of his injuries (*see Stolt v General Foods Corp.*, 81 NY2d 918, 920 [1993]; *Hai-Zhong Pang v LNK Best Group, Inc.*, 111 AD3d at 889; *LaGiudice v Sleepy's Inc.*, 67 AD3d at 971). Second, Sigma failed to raise a triable issue of fact as to its duty under Labor Law § 240 (1). Labor Law § 240 (1) applies to owners, contractors, and their agents (*see* Labor Law § 240 [1]; *Alfonso v Pacific Classon Realty, LLC*, 101 AD3d 768, 770 [2012]; *Guclu v 900 Eighth Ave. Condominium, LLC*, 81 AD3d 592, 593 [2011]). A party is deemed to be an agent of an owner or contractor under the Labor Law when it has the " 'ability to control the activity which brought about the injury' " (*Guclu v 900 Eighth Ave. Condominium, LLC*, 81 AD3d at 593, quoting *Walls v Turner Constr. Co.*, 4 NY3d 861, 863-864 [2005]; *see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317-318 [1981]; *Alfonso v Pacific Classon Realty, LLC*, 101 AD3d at 770). A lessee of real property that hires a contractor

and has the right to control the work at the property is considered to be an owner within the meaning of the law (*see Alfonso v Pacific Classon Realty, LLC*, 101 AD3d at 770; *Guclu v 900 Eighth Ave. Condominium, LLC*, 81 AD3d at 593). Moreover, a lessee of property may be liable as an "owner" when it "has the right or authority to control the work site, even if the lessee did not hire the general contractor" (*Zaher v Shopwell, Inc.*, 18 AD3d 339, 339-340 [2005]; *see Alfonso v Pacific Classon Realty, LLC*, 101 AD3d at 770). The key question is whether the defendant had the right to insist that proper safety practices were followed (*see Alfonso v Pacific Classon Realty, LLC*, 101 AD3d at 770; *Grilikhes v International Tile & Stone Show Expos*, 90 AD3d 480, 483 [2011]). Here, the evidence established that Sigma was the lessee of the premises where the accident occurred and that the president of Sigma hired the injured plaintiff to perform the work and controlled his work. Accordingly, the Supreme Court should have granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).

The Supreme Court, however, properly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241 (6). Specifically, the plaintiffs failed to establish, prima facie, a violation of Industrial Code (12 NYCRR) § 23-1.21 (b) (1) or (3) (*cf. Fusca v A & S Constr., LLC*, 84 AD3d 1155, 1156-1157 [2011]; *Riccio v NHT Owners, LLC*, 51 AD3d 897, 899 [2008]; *Ferrero v Best Modular Homes, Inc.*, 33 AD3d 847, 851-852 [2006]). Accordingly, that branch of the plaintiffs' motion was properly denied without regard to the sufficiency of the defendants' papers submitted in opposition (*see Walsh v Super Value, Inc.*, 76 AD3d 371, 377 [2010]).

The Supreme Court also properly denied that branch of Sigma's cross motion which was for summary judgment dismissing the complaint and cross claims insofar as asserted against it. With respect to the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6), as noted above, Sigma failed to establish, prima facie, that it was not an owner or agent within the meaning of the Labor Law (*see Alfonso v Pacific Classon Realty, LLC*, 101 AD3d at 770; *Zaher v Shopwell, Inc.*, 18 AD3d at 340). As to the causes of action alleging a violation of Labor Law § 200 and common-law negligence, Sigma failed to establish, prima facie, that it lacked the authority to supervise or control the performance of the work, which it was obligated to do since the accident arose

from the means and methods of the injured plaintiff's work (*see Cruz v Cablevision Sys. Corp.*, 120 AD3d 744, 747 [2014]). Accordingly, Sigma's motion was properly denied without regard to the sufficiency of the plaintiffs' papers submitted in opposition (*see id.* at 748; *Walsh v Super Value, Inc.*, 76 AD3d at 377).

In light of our determination, we need not address Sigma's remaining contentions. Balkin, J.P., Cohen, Duffy and LaSalle, JJ., concur.